United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALINA ARLOV, <br> Plaintiff, <br> v. <br> LAKE COUNTY CALIFORNIA, et al., <br> Defendants. | Case No. 19-cv-00983-JD <br><br> **ORDER RE COMPLAINT AND MOTION FOR TRO AND PRELIMINARY INJUNCTION** <br><br> Re: Dkt. Nos. 1, 7 |

In light of pro se plaintiff Galina Arlov's request to proceed in forma pauperis, service of the complaint was deferred pending a review under 28 U.S.C. Section 1915(e)(2), which requires dismissal of the action if it "fails to state a claim on which relief may be granted." Dkt. No. 6. Arlov also filed a motion for a temporary restraining order and preliminary injunction. Dkt. No. 7. Neither the complaint nor the motion will go forward at this stage.

The complaint fails to contain a short and plain statement of the claim showing that plaintiff is entitled to relief, as required by Federal Rule of Civil Procedure 8. A complaint must allege facts sufficient to state a plausible claim. That means it must contain "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint names as a defendant Susan Marlowe, an alleged guardian in Lake County, California, who appears to control an apartment in New York City in which Arlov resides with her children. Dkt. No. 1 at 2, 5. Arlov takes issue with the guardian's actions but never alleges any legal claim. She alleges "discrimination" and a "violation of civil rights" by Lake County officials but does not cite any state or federal law, or allege facts showing what Marlowe has done that violates the law. *Id.* at 4-5. She says a Lake County public guardian was "negligent" towards her

mother and "abusive" towards her children but does not provide any facts to support those claims. *Id.* All she proffers is that the guardian is threatening eviction. But eviction-related claims are typically heard in state court, and Arlov has not alleged any facts plausibly showing that the threatened eviction was unlawful.

Even construed liberally in light of Arlov's pro se status, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the complaint cannot go forward under Rule 8. It is unclear based on the inchoate allegations what laws were allegedly violated and for what actions Marlowe is called to answer. In addition, while not formally named as a defendant, the complaint also appears to target the "Lake County California Superior Court." Dkt. No. 1 at 4. But claims against state judicial officers and challenges to orders by state courts are generally not cognizable.

Consequently, the complaint is dismissed without prejudice. Plaintiff may file an amended complaint by **May 1, 2019**. Failure to amend by that date will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

In light of this dismissal, the motion for a TRO is terminated without prejudice. Plaintiff is advised that an amended complaint must be filed before any renewed motion for a TRO.

**IT IS SO ORDERED.**

Dated: April 10, 2019

JAMES DONATO
United States District Judge